United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RISEEPAN SACHCHITHANANTHAN-PAKEERATHAN, <br> Petitioner, <br><br> vs. <br><br> GRANT DICKEY, *et al*, <br> Respondents. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO <br> 4:25-cv-05660 <br><br><br><br> JUDGE CHARLES ESKRIDGE |

## ORDER

Petitioner Riseepan Sachchithananthan-Pakeerathan filed a petition for writ of *habeas corpus* on November 24, 2025. Dkt 1. He is a citizen of Sri Lanka who has resided in the United States since 2019. Id at ¶12. Upon his arrival, Petitioner was issued an expedited removal order. Ibid. After expressing fear of returning to Sri Lanka due to persecution, he was referred for a credible-fear interview, which was ultimately found negative. Id at ¶¶12–14. His expedited order of removal has been in place since January 2020, but he hasn't been removed. Id at ¶15.

On April 7, 2025, Petitioner appeared at the New York Federal Office to renew his employment authorization document, and ICE detained him. Id at ¶17. He was later transferred to the Joe Corley Processing Center in Conroe, Texas, where he currently remains. Id at ¶18.

Petitioner asserts that the government hasn't demonstrated that a significant likelihood of removal in the reasonably foreseeable future exists, and so his continued detention is unlawful. He states claims under both 8 USC §1231 and the Due Process Clause of the Fifth Amendment as interpreted in *Zadvydas v Davis*, 533 US 678 (2001).

Id at ¶¶23–33. Among other relief, he seeks a temporary restraining order directing Respondents to immediately release him from custody. Dkt 2.

Immediate release isn't warranted with entry of this Order. Petitioner hasn't provided sufficient evidence to warrant release before Respondents are given notice and the opportunity to respond. Nor has he met the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure, which are mandatory prior to issuance of *ex parte* injunctive relief.

The motion for *ex parte* temporary restraining order is DENIED. Dkt 2.

That said, and even though not requested, Petitioner is entitled to a show-cause order pursuant to 8 USC §2243.

Respondents are thus ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by December 4, 2025, absent extension.

Counsel for Petitioner is ordered to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. It is noted that certificates of service attached to the petition appear to indicate that Respondents have already been served. See Dkt 1 at 8–10.

This matter is SET for hearing to address the show cause order for December 4, 2025, at 11:00 am.

The parties may jointly request brief resetting, if necessary and agreed.

SO ORDERED.

Signed on November 26, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge