United States District Court
Southern District of Texas
**ENTERED**
January 19, 2026
Nathan Ochsner, Clerk

#### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF TEXAS
#### HOUSTON DIVISION

| | | |
|---|---|---|
| RISPEEPAN SACHCHITHANANTHAN-PAKEERATHAN, | § § § § | CIVIL ACTION NO. 4:25-cv-05660 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAUL MCBRIDE, *et al*, Respondents. | § § § | |

#### ORDER OF RELEASE

Petitioner Riseepan Sachchithananthan-Pakeerathan filed a petition for writ of *habeas corpus* on November 24, 2025. Dkt 1. He is a native and citizen of Sri Lanka. Id at ¶12.

Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*. It has filed a response and motion for summary judgment. Dkt 10.

The record establishes the following facts:

- o Petitioner arrived in the United States without inspection on November 20, 2019. Dkt 1 at ¶12.

- o That same day, Petitioner was apprehended by Border Patrol and issued an expedited removal order. Ibid; see Dkt 10-1 at ¶¶9–10 (declaration of John D. Linscott).

- o Petitioner claimed fear of returning to Sri Lanka and was referred for a credible-fear interview with USCIS. Dkt 1 at ¶13; see Dkt 10-1 at ¶10.

- He was transferred to the custody of the ICE-ERO Phoenix in Florence, Arizona. Dkt 10-1 at ¶11.
- USCIS issued a decision with a negative credible-fear as to Petitioner, making him subject to a final order of removal on December 12, 2019. Id at ¶12.
- Petitioner filed a petition for a writ of *habeas corpus* in the District of Arizona in March 2020, resulting in an immediate stay of removal. Id at ¶14. The petition was later denied in February 2021. Id at ¶18.
- In early 2021, Petitioner requested reconsideration of his negative credible-fear finding and to be released on humanitarian parole. Id at ¶¶15, 17. Both requests were denied. Id at ¶¶16, 19.
- Petitioner was released by ICE-ERO on an order of supervision on March 13, 2021. Id at ¶20.
- Petitioner was convicted of driving while ability impaired by consumption of alcohol on December 20, 2024. Id at ¶22.
- Petitioner was taken back into ICE-ERO custody on April 7, 2025. Dkt 1 at ¶1.
- He remains in custody at the Joe Corley Processing Center in Conroe, Texas. Ibid.

Petitioner challenges his detention under the INA and the Due Process Clause of the Fifth Amendment. Id at ¶¶23–33. He asserts that his present detention exceeds the presumptively reasonable six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001). He argues that, despite his full cooperation, the Government has taken "no meaningful steps to effectuate his removal." Id at ¶31. He thus contends that Respondents have failed to demonstrate that his removal is significantly likely to occur in the reasonably foreseeable future. Ibid.

The *Zadvydas* framework regarding detention pending removal proceedings governs here. The undersigned considered that framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4 (SD Tex). That analysis is incorporated here.

In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

There's no dispute that Petitioner's present detention since April 2025 exceeds six months. His detention is thus no longer presumptively reasonable under *Zadvydas*.

The Government has several times revised its representations as to when Petitioner could be removed.

*First*, on December 9, 2025, the Government attached to its motion an affidavit, stating, "ICE-ERO is working to obtain travel documents to remove [Petitioner] to Sri Lanka. ICE-ERO has recently had success in removing aliens to Sri Lanka. ICE-ERO anticipates removing [Petitioner] in the next 15 days." Dkt 10-1 at ¶24. That bare assertion, without supporting documentation, was found insufficient to rebut Petitioner's showing of good reason to believe that no significant likelihood of removal in the reasonably foreseeable future. The Government was thus ordered to submit a filing with concrete evidence that travel documents for Petitioner had been approved or otherwise giving evidence to indicate a date certain by which removal would occur. See Dkt 12 (minute entry).

*Second*, on December 24, 2025, the Government filed an advisory stating that Petitioner was "scheduled to depart on December 27, 2025." Dkt 13. No supporting

3

documentation was provided with this assertion. But given assertion of a date only three days away, the advisory was accepted as sufficient showing of a significant likelihood of removal. See Dkt 15.

*Third*, on December 31, 2025, the Government noted that Petitioner hadn't been removed as planned, but represented that he was scheduled to be removed on January 17, 2026. Dkt 17. Submitted with its advisory were travel documents provided by Sri Lanka and an itinerary with his flight arrangements. Dkts 17-1 & 17-2. That was found sufficient to show a significant likelihood of removal in the reasonably foreseeable future under *Zadvydas v Davis*, 533 US at 701.

The request by Petitioner for immediate release was denied without prejudice to a renewed request if Petitioner wasn't removed by January 17, 2025. Dkt 18; see also Dkt 16 (request for release).

On January 18, 2026, the Government submitted an advisory stating that Petitioner "was not removed as planned" due to "an issue locating Petitioner's travel paperwork, which prevented him from traveling." Dkt 19. It further stated that the Government "will advise when the paperwork is located and another removal flight is scheduled." Ibid.

Pending now is a renewed motion by Petitioner for immediate release. Dkt 20. It notes that the current advisory from the Government "provides no new date and no concrete evidence of imminent removal." Id at 3.

This is so. The above timeline also discloses that, despite repeated representations by the Government as to the timing of Petitioner's removal, he remains in custody and has now been detained for over nine months. While the candor and sincerity of the Government's representations are not doubted, the fact remains that the Government has offered no present indication of when removal may occur. See Dkt 19.

4

Any further delay of his release compromises his rights of due process as stated by the Supreme Court. The motion for immediate release will thus be granted.

*   *   *

The motion by Petitioner for immediate release is GRANTED. Dkt 20.

It is hereby ORDERED that (i) Respondents in this action are immediately ENJOINED from further holding Petitioner in custody, and (ii) they are COMPELLED to return him immediately to the conditions of his preexisting order of supervision.

It is further ORDERED that the Government must safely release Petitioner by 4:00 pm on January 21, 2026.

It is further ORDERED that the Government must file an advisory on the current status of Petitioner by January 22, 2026.

Jurisdiction is at present MAINTAINED over the pending petition for writ of *habeas corpus*.

SO ORDERED.

Signed on January 19, 2026, at Houston, Texas.

*[signature: C R Eskridge]*

Honorable Charles Eskridge
United States District Judge